United States District Court
Southern District of Texas

**ENTERED**

October 17, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| STEVEN D. WALKER, §<br>(TDCJ-CID #1927071) § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-16-2847 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

The petitioner, Steven D. Walker, a Texas state inmate, sues under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Stringfellow Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). A district court may examine habeas petitions before an answer or other responsive pleading is filed, *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999); 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes. A review of Walker's petition shows that he has not stated a valid basis for federal habeas relief. Because this case cannot proceed further, an order of dismissal is separately issued.

The petition alleges that on August 9, 2016, officials at the Stringfellow Unit held a hearing in disciplinary case 20160370201. The hearing officer found Walker guilty of threatening an officer. (Docket Entry No. 1, Federal Petition, p. 5). Other than stating that he did not lose good time credits, Walker's petition does not identify any other punishment he received. (Docket Entry No. 1, Federal Petition, p. 1). On September 15, 2016, this court received Walker's federal petition, in which he contends that the disciplinary conviction is void because he was denied due process. (Docket Entry

No. 1, Petition for Writ of Habeas Corpus, pp. 6-7). He states that the charging officer did not record his statement correctly, and he was denied a mental health representative.

Procedural protections for disciplinary convictions in prison differ from such protections for other types of criminal convictions because "[p]rison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Only punishments that affect the duration of imprisonment or that "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" give rise to a "protected liberty interest" that would entitle the inmate to additional procedural protections. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Punishment consisting of administrative segregation or the loss of the opportunity to earn good-time credits does not trigger due-process rights. *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995); *Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000). Commissary and cell restrictions do not trigger due-process rights. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The loss of good-time credits does give rise to due-process rights if a prisoner is eligible for release on mandatory supervision and it is delayed, but not if the claim is that the loss of good-time credits affects release on parole. *Sandin*, 515 U.S. at 487; *Madison v. Parker*, 104 F.3d at 769.

Walker indicates that he did not lose good-time credits. (Docket Entry No. 1, Federal Petition, p. 5). Any restrictions on Walker's privileges do not implicate due process. Walker's federal petition does not present a basis for the relief he seeks, and it is dismissed. Any remaining pending motions are denied as moot.

Although Walker has the right to appeal, this court will not issue a certificate of appealability. The showing necessary for a certificate of appealability is a substantial showing of the denial of a

constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).   An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Finley v. Johnson*, 243 F.3d 2150, 218 (5th Cir. 2001). Walker has not made the necessary showing.

SIGNED on October 17, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge